IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES DECKER, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff | ) | CASE NO. 2:11-cv-00787-GLL |
| | ) | |
| vs. | ) | |
| | ) | |
| EDUCAP, INC. and | ) | |
| DAVIS DAVIS ATTORNEYS, | ) | |
| | ) | |
| Defendants | ) | |

## STIPULATED PROTECTIVE ORDER

This matter having come before the Court on the stipulation of the parties and the Court being fully advised:

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1. The following Protective Order shall govern the exchange of confidential information produced by EduCap, Inc. ("Educap") and Davis Davis Attorneys ("Davis") and in connection with this litigation between Defendants EduCap, Inc. and Davis Davis Attorneys, and Plaintiff James Decker.

2. "Confidential Information" means any type of information which is designated as confidential by the supplying party, whether it be a document, information contained in a document, information revealed during a deposition, electronic information, information revealed in an interrogatory answer, or otherwise. Confidential Information shall be confidential as of the date the other party should know such information is so designated.

3. Only "Qualified Persons" are authorized to view Confidential Information in this case. Qualified Persons are defined as: (a) attorneys, paralegals and clerical assistants employed by counsel for a party; (b) any party's employees, officers or directors who need to have access to

the information in order to assist in this court action and who agree to be bound by all the terms of this Order; (c) experts retained by any party, who agree to be bound by all terms of this Order; (d) the Court and its staff.

4. Documents and things produced which contain "Confidential Information" shall be designated as such by marking each page of the document or thing at or before the time of production substantially as follows:

"CONFIDENTIAL"

or

"CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER"

In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged, before or after an inspection of the originals by the other party.

5. Any information designated as Confidential Information shall not be (1) made available, directly or indirectly or through paraphrasing, by the party receiving it to any persons or entities other than Qualified Persons, or (2) used by the other party for any purpose other than in connection with this litigation.

6. The use of information which has been designated as "Confidential Information" pursuant to the terms of this Protective Order may be further restricted by the additional designation of such information as "For Attorney's Eyes Only." In the event that information designated as "Confidential Information" is later desired by a party to come within the "Attorney's Eyes Only" category, such information and/or documents can be added to such category. The only persons who shall have access to Confidential Information designated for "Attorney's Eyes Only" shall be the attorneys of record in this litigation and any associates, secretaries, paralegals, law clerks, support staff employees, and the independent experts to whom

it is necessary that the information be disclosed for purposes of this litigation. Such designation shall be made by marking each page of the document at or before the time of production, or at such later time that "Attorney's Eyes Only" status is asserted by the producing party, substantially as follows:

"CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY"

or

"CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY PURSUANT TO PROTECTIVE ORDER"

In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged, before or after an inspection of the originals by the other party.

7.  The Confidential Information shall be used solely for the purpose of preparing and conducting this litigation including any alternative dispute resolution process designated by the Court, hearing, trial, retrial or appeal, and shall not be used in any other litigation or for any business or competitive purpose or for any other purpose whatsoever, and shall not be disclosed to anyone not a party to this litigation, except as set forth herein.

8.  If pleadings are filed by Plaintiff that include Confidential Information or copies of the Confidential Information, the pleadings shall be filed under seal.

9.  The production of the foregoing Confidential Information shall not be deemed a waiver of the fact that EduCap considers the information contained therein to be confidential and proprietary, either in this litigation or in any other matter or litigation.

10. Within sixty (60) days after the conclusion of this litigation, originals or reproductions of any documents or things produced by a party containing Confidential Information shall be returned to the producing party or destroyed, except that the office of each principal counsel may retain for its archive a single copy of any such materials.

BY THE COURT:

_____
C.J.

DATED: 12-9-11

**Stipulated as to form and substance:**

| **DAVIS DAVIS ATTORNEYS** | **LAW OFFICES OF MICHAEL N. VAPORIS** |
|---|---|
| A professional corporation | |

By:   s/Reed J. Davis                 By:   s/Michael N. Vaporis
      Reed J. Davis                              Michael N. Vaporis
      Pa. I.D. No. 00501                     Pa. I.D. No. 46333
      Robert K. Lascher                     Katrina M. Kayden
      Pa. I.D. No. 203323                  Pa. I.D. No. 204563
      Attorneys for Defendants           Attorneys for Plaintiff
      393 Vanadium Road, Suite 300   840 Philadelphia Street, Suite 301
      Pittsburgh, PA 15243                Indiana, PA 15701
      (412) 489-1400                          (724) 465-5653